

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 20, 1939

Hon. Tom A. Craven
County Auditor
McLennan County
Waco, Texas

Dear Sir:

Opinion No. O-516
Re: Salary bill - precinct officers.

Your request for opinion on the following questions:

"Can the Commissioners' Court of McLennan County change the manner of compensating constables to a salary basis and permit the justices of the peace to remain on a fee basis, all precinct officers now being compensated on a fee basis?

"If precinct officers may be compensated on a salary basis, what discretion may the Commissioners' Court exercise in determining the amounts of the salaries?"

has been received by this Department.

The population of McLennan County, Texas, according to the last preceding Federal census of 1930 is 98,682.

Section 2 of Article 3912e, Revised Civil Statutes of Texas, reads as follows:

"The Commissioners' Court of each county in the State of Texas, at its first regular meeting in January of each calendar year, shall, by order made and entered in the minutes of said court, determine whether precinct officers of such county (except public weighers and registrars of vital statistics) shall be

compensated on a salary basis as provided
for in this Act, or whether they shall re-
ceive as their compensation, such fees of
office as may be earned by them in the per-
formance of the duties of their offices,
and it shall be the duty of the county clerk
of each county to forward to the Comptroller
of Public Accounts of the State of Texas on
or before the 31st day of January a certi-
fied copy of such order......"

Section 17a of Article 3912e reads as follows:

"(a) The term 'Precinct Officers' as
used in this Act means justices of the peace
and constables.

"In all counties in this State such
precinct officers shall continue to be com-
pensated for their services on a fee basis
until the Commissioners' Court shall have
determined otherwise in accordance with the
provisions of Section 2 of this Act.

"In counties wherein the Commissioners'
Court shall have determined that precinct
officers shall be compensated on an annual
salary basis, but wherein they have deter-
mined that county officers shall not be so
compensated, the Officers' Salary Fund of
said county shall be composed and made up
of fees, commissions and other compensation
collected by the precinct officers of such
county and deposited in said fund, and such
funds as may be transferred to said fund by
the Commissioners' Court of the county."

On July 17, 1936, this Department held in an
opinion by Hon. Joe J. Alsup, Assistant Attorney General
of Texas that the Commissioners' Court is without author-
ity to place one precinct officer upon a salary basis and
leave other precinct officers upon a fee basis. We
quote from this opinion as follows:

"This Department has repeatedly ruled

that a Commissioners' Court is without
authority to place one precinct officer
upon a salary basis and leave other offi-
cers upon a fee basis. The system must
be uniform and they must place all upon a
salary basis or leave all upon a fee basis."

You will note that Section 17a of Article
3912e defines the term "Precinct Officers" as justices
of the peace (plural) and constables (plural). You will
further note that the plural term "Precinct Officers"
is used throughout the Salary Bill.

You are respectfully advised that in answer
to question No. 1, it is the opinion of this Department
that the Commissioners' Court of McLennan County does
not have the authority to place the constables of said
county upon a salary basis without placing the justices
of the peace of said county upon a salary basis, as
provided by the Officer's Salary Law. The system must
be uniform and the Commissioners' Court must either
place all precinct officers upon a salary basis or
leave all precinct officers upon a fee basis.

With reference to question No. 2, you are re-
spectfully referred to Section 17b of Article 3912e which
reads as follows:

"(b) In counties where it shall have
been determined that precinct officers shall
be compensated on an annual salary basis
it shall be the duty of the Commissioners'
Court of such county to fix the salary allow-
ed to such officers. Each of said officers
shall be paid in money an annual salary in
twelve (12) equal installments of not less
than the total sum earned as compensation
earned by him in his official capacity for
the fiscal year 1935 and not more than the
maximum amount allowed such officer under
laws existing August 24, 1935."

Therefore, in answering your second question,
you are respectfully advised that it is the opinion of
this Department that Section 17b of Article 3912e, Revised

Civil Statutes of Texas clearly determines the amount of discretion the Commissioners' Court has in setting the amount of salaries to be paid precinct officers. It is the further opinion of this Department that the Commissioners' Court has no authority to set a precinct officer's salary at less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935 and that the Commissioners' Court has no authority to set a precinct officer's salary at more than the maximum amount allowed such officer under laws existing August 24, 1935.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS